TROY LAW, PLLC
John Troy (JT 0481)
Aaron B. Schweitzer (AS 6369)
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
ELDA GONZALEZ,
*on behalf of herself and others similarly situated,*

                                              Plaintiff,       Case No. 20-cv-09350

                          v.                **29 U.S.C. § 216(b) COLLECTIVE ACTION**

SAMUEL & STEIN
     d/b/a The Law Office of Samuel & Stein,    **COMPLAINT**
MICHAEL SAMUEL,
DAVID STEIN, and
DAVID NIEPORENT,
                                        Defendants.
-------------------------------------------------------------------x

Plaintiff Elda Gonzalez (hereinafter "Gonzalez"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this Complaint against Defendants Samuel & Stein d/b/a The Law Office of Samuel & Stein (hereinafter the "Entity Defendant"), Michael Samuel (hereinafter "Samuel"), David Stein (hereinafter "Stein"), and David Nieporent (hereinafter "Nieporent") (hereinafter collectively the "Individual Defendants," collectively with the Entity Defendant the "Defendants"), and alleges as follows:

**INTRODUCTION**

1.     Gonzalez brings this action on behalf of herself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§ 201 *et seq.*, and of the New York Labor Law ("NYLL"), N.Y. Lab. L., arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Gonzalez alleges pursuant to FLSA that she is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime, (3) liquidated damages, (4) prejudgment and postjudgment interest, and/or (4) reasonable attorneys' fees and costs.

3. Gonzalez further alleges pursuant to NYLL and Section 142 of Title 12 of the New York Codes, Rules, and Regulations (the "Wage Order") that she is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid spread-of-time, (4) liquidated damages, (5) penalties for failure to provide a wage notice at time of hire, (6) penalties for failure to provide wage statements with each payment of wages, (7) prejudgment and postjudgment interest, and (8) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction over Gonzalez's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the Southern District of New York, and because the acts and omissions giving rise to the claims alleged herein took place within the Southern District of New York.

## PLAINTIFF

7. Gonzalez was employed by the Defendants from on or about May 21, 2016 through the present to take new clients' initial statements, collect new clients' documents including

identifications and evidentiary documents in their possession, create new case files, answer the telephone in Defendants' office, make appointments for clients, translate verbally between the Individual Defendants and their Spanish-speaking clients, translate Spanish-speaking clients' Spanish-language answers to interrogatories and affidavits into English, coordinate groups of co-plaintiffs, and promote and advertise Defendants' business to potential Spanish-speaking and Latino clients.

## DEFENDANTS

### ENTITY DEFENDANT

8. Entity Defendant operates a law firm, with a principal office at 38 W 32nd Street, Suite 1110, New York, NY 10001, a secondary office at 1086 Teaneck Road, Teaneck, NJ 07666, and a virtual office at 1441 Broadway, 6th Floor, New York, NY 10018.

9. Entity Defendant is a business engaged in interstate commerce, which upon information and belief has and performs services for clients in several states including but not limited to New York and New Jersey, and which upon information and belief settles cases worth in excess of $3.5 million each year, of which it retains one third, or approximately $1.17 million, which is in excess of $500 thousand per year.

### INDIVIDUAL DEFENDANTS

10. Samuel is a part owner and the Chief Executive Officer of the Entity Defendant, and an active litigator on behalf of and manager at the Entity Defendant, and in that role (1) had the authority to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employees' rates and methods of payment, and (4) kept employment records.

11. Samuel had the discretion to lay off employees during the COVID-19 pandemic, and exercised that discretion to lay off other employees but not to not lay off Gonzalez, saying to

3

her that the reason he did not lay her off was because she had generated a lot of business for the Entity Defendant over the course of her employment.

12. If Gonzalez needed to take time off of work, she would seek approval from Samuel. For instance, on or about October 20, 2020, Gonzalez sought permission to leave Entity Defendant's office on the 11th floor of 38 W 32nd Street to visit a cell phone repair shop on the 5th floor from Samuel, and received such permission.

13. Samuel acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 2 of the New York Labor Law, and is jointly and severally liable with the Entity Defendant.

14. Stein is a part owner of the Entity Defendant, and an active litigator on behalf of and manager at the Entity Defendant, and in that role (1) had the authority to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employees' rates and methods of payment, and (4) kept employment records.

15. Stein had the authority to assign Gonzalez to particular tasks, including translating between him and Spanish-speaking clients and emailing clients on behalf of the Entity Defendant. Stein exercised this authority to have Gonzalez translate between him and a client with the last name "Salmeron," and during the call with Mr. Salmeron, grew angry with Gonzalez, called her a stupid idiot, and threw her out of his office.

16. Stein also had the authority to assign particular clients and their cases to other employees, and to direct Gonzalez to ignore those clients. On or about February 4, 2020, Stein instructed Gonzalez not to work on the case of one Manuel Valencia, stating that it was "Desi's case," referring to Desi Miranda, another client-contact person.

17. Before on or about September 17, 2020, Gonzalez complained about not being paid overtime for her work in excess of 40 hours per week, including flyering in a South Bronx supermarket to drum up new business on weekends during the height of the COVID-19 pandemic. On or about September 17, 2020, Stein emailed Gonzalez to tell her she should not work more than 40 hours per week.

18. Stein acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 2 of the New York Labor Law, and is jointly and severally liable with the Entity Defendant.

19. Nieporent is an associate attorney at the Entity Defendant and in that role (1) had the authority to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employees' rates and methods of payment, and (4) kept employment records.

20. From time to time, Nieporent gave Gonzalez tasks to do, and critiqued her performance of those tasks.

21. Sometimes, an unsophisticated client will remember relevant facts (for instance, their address, or their dates of employment with an employer) one way during their initial interview, and remember them another way later. Nieporent would blame Gonzalez and say that she didn't translate well during the initial interview, despite not himself speaking Spanish.

22. Nieporent acted intentionally and maliciously and is an employer within the meaning of Section 203 Subsection (d) of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, and Section 2 of the New York Labor Law, and is jointly and severally liable with the Entity Defendant.

## STATEMENT OF FACTS

23. Defendants committed the following acts knowingly, intentionally, willfully, and maliciously against Gonzalez and the Collective.

24. Wage and hour law forms a significant part of Defendants' law practice, to the point where Stein's and Nieporent's biographies as presented on Entity Defendant's website promote their experience with litigation under the FLSA and state labor laws, and Stein's biography in particular characterizes him as an "overtime, wage and hour, and minimum wage attorney."

25. Gonzalez was hired on or about May 21, 2016 and has been employed by the Defendants through to the present.

26. Defendants knowingly, willfully, and maliciously failed to provide Gonzalez with a wage notice compliant with Section 195.1 of the NYLL at her time of hire or at any point thereafter.

27. Gonzalez's primary duties were taking new clients' initial statements, collecting new clients' documents including identifications and evidentiary documents in their possession, creating new case files, answering the telephone in Defendants' office, making appointments for clients, translating verbally between the Individual Defendants and their Spanish-speaking clients, translating Spanish-speaking clients' Spanish-language answers to interrogatories and affidavits into English, and coordinating groups of co-plaintiffs.

28. Additionally, Gonzalez was required to promote and advertise Defendants' business to potential Spanish-speaking and Latino clients.

29. Gonzalez was required to distribute flyers to passersby at two locations in the Bronx—one on Grand Concourse and one in a supermarket on the intersection of 149th Street and Brook Avenue—and one on 178th Street and Broadway in Manhattan.

30. Gonzalez was required to continue distributing flyers to passersby at the kiosks throughout the height of the COVID-19 pandemic.

31. Throughout her employment, Gonzalez regularly worked from 9:00 AM through 8:00 PM on Mondays, Tuesdays, and Wednesdays; from 9:00 AM through 6:30 PM on Thursdays; from 9:00 AM through 4:30 PM on Fridays; and from 11:00 AM through 6:30 PM on Saturdays and Sundays, for about 65 hours per week.

32. Gonzalez's work on Saturdays and Sundays consists of flyering.

33. Gonzalez was not given any fixed breaks during her working day.

34. From on or about May 21, 2016 until on or about August 31, 2016, Gonzalez was paid $23.00 per hour, including for hours worked in excess of 40 per week.

35. From on or about September 1, 2016 through on or about September 30, 2016, Gonzalez was paid a flat salary of $600.00 per week.

36. From on or about October 1, 2016 through on October 31, 2016, Gonzalez did not work for Defendants.

37. From on or about November 1, 2016 through on or about December 31, 2018, Gonzalez was paid a flat salary of $750.00 per week.

38. From about January 1, 2019 through the present, Gonzalez was paid a flat salary of $2,200.00 per fortnight.

39. Defendants last paid Gonzalez for the period between September 19, 2020 and October 2, 2020. She has not been paid for the periods between October 3, 2020 and October 16, 2020, or October 17, 2020 and October 30, 2020.

40. Further, for the period July 10, 2020 through July 24, 2020, Gonzalez wasn't paid until September 24, 2020; and for the period August 8, 2020 through August 21, 2020, Gonzalez wasn't paid until October 15, 2020.

41. Gonzalez complained to Defendant Samuel about her withheld pay, and her complaints led to her being paid for the periods between July 10, 2020 through July 24, 2020 and August 8, 2020 through August 21, 2020, but Defendants still have not paid her for the time since October 2, 2020.

42. Throughout her employment, Gonzalez was not exempt from receiving pay for her overtime hours at a rate 1.5 times her regular rate.

43. Despite this, Defendants knowingly, willfully, and maliciously refused to pay Gonzalez 1.5 times her regular rate for her overtime hours.

44. Defendants knowingly, willfully, and maliciously failed to provide Gonzalez with wage statements compliant with Section 195.3 of the NYLL with each payment of wages.

## COLLECTIVE ALLEGATIONS

45. Gonzalez brings this action individually and on behalf of other current and former non-exempt office workers employed by Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case, who were not paid overtime at a rate of 1.5 times their regular rates for all hours worked each week in excess of 40 hours.

## CAUSES OF ACTION

**I.   VIOLATION OF SECTION 206 SUBSECTION A OF THE FLSA UNTIMELY PAYMENT OF WAGES—BROUGHT ON BEHALF OF THE PLAINTIFF**

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. "While the FLSA does not statutorily prescribe a particular payment schedule, courts have consistently interpreted Section 206(a) of the FLSA to require the prompt payment of wages." *Gaughan v. Rubenstein*, 261 F. Supp. 3d 380, 425–26 (S.D.N.Y. 2017) (citing *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.YT. 2014); *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 57 (2d Cir. 1998) ("[I]t is clear that the FLSA requires wages to be paid in a timely fashion.").

48. Defendants are as of this writing delinquent with respect to two fortnights' of Gonzalez's pay.

49. Further, Defendants waited about two months before paying Gonzalez her pay owed from July and August, 2020.

50. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

51. Despite Gonzalez's complaints and Defendants' knowledge of the provisions of the FLSA, Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Gonzalez her wages timely.

**II.   VIOLATION OF SECTION 191.1, SUBSECTION D OF THE NYLL UNTIMELY PAYMENT OF WAGES—BROUGHT ON BEHALF OF THE PLAINTIFF**

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Section 191.1, Subsection (d) of the NYLL provides that "a clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

54. Since about the beginning of 2019, Defendants have designated that Gonzalez be paid once every fortnight.

55. However, Defendants are as of this writing delinquent with respect to two fortnights' pay.

56. Further, Defendants waited about two months before paying Gonzalez her pay owed from July and August, 2020.

57. Defendants have failed to pay Gonzalez timely.

58. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

59. Despite Gonzalez's complaints and Defendants' knowledge of the provisions of the NYLL, Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Gonzalez her wages timely.

**III. VIOLATION OF SECTION 207 SUBSECTION A OF THE FLSA FAILURE TO PAY OVERTIME—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE COLLECTIVE**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Section 207, Subsection A, Paragraph 1 of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

62. Gonzalez was not exempt from the provisions of Section 207 of the FLSA under any of the categories delineated in Section 213 of the FLSA.

63. Section 216, Subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 207… of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

64. Despite Gonzalez's complaints about working overtime without receiving pay for her overtime hours at a rate 1.5 times her regular rate, and Defendants' knowledge of the provisions of the FLSA, Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by denying Gonzalez overtime pay.

**IV. VIOLATION OF SECTION 142-2.2 OF THE WAGE ORDER FAILURE TO PAY OVERTIME—BROUGHT ON BEHALF OF THE PLAINTIFF**

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate."

67. Gonzalez was not exempt from the provisions of Section 207 of the FLSA under any of the categories delineated in Section 213 of the FLSA.

68. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

69. Despite Gonzalez's complaints about working overtime without receiving pay for her overtime hours at a rate 1.5 times her regular rate, and Defendants' knowledge of the provisions of the FLSA, Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by denying Gonzalez overtime pay.

**V. VIOLATION OF SECTION 142-2.4 OF THE WAGE ORDER FAILURE TO PAY SPREAD-OF-TIME—BROUGHT ON BEHALF OF THE PLAINTIFF**

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

72. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

73. Gonzalez regularly worked a spread of 11 hours 3 days per week.

74. Despite their knowledge of New York wage and hour law, Defendants knowingly, willfully and maliciously failed to pay Gonzalez an additional 3 hours' pay at the basic minimum hourly wage rate with each weekly payment of wages, and failed to pay Gonzalez an additional 6 hours' pay at the basic minimum hourly wage rate with each fortnightly payment of wages.

**VI. VIOLATION OF SECTION 195.1 OF THE NYLL FAILURE TO FURNISH WAGE NOTICE—BROUGHT ON BEHALF OF THE PLAINTIFF**

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

13

76. Section 195.1(a) of the NYLL provides that "[e]very employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

77. Section 198, Subsection 1-b of the NYLL provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section on hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive or declaratory relief, that the court in its discretion deems necessary and appropriate."

78. Gonzalez was not provided a wage notice as provided by Section 195.1 of the NYLL within the first 10 business days of her employment or at any time thereafter.

79. Despite their knowledge of New York wage and hour law, Defendants knowingly, willfully and maliciously failed to provide Gonzalez a wage notice as provided by Section 195.1 of the NYLL within the first 10 business days of her employment or at any time thereafter.

## VII. VIOLATION OF SECTION 195.3 OF THE NYLL FAILURE TO FURNISH WAGE STATEMENTS—BROUGHT ON BEHALF OF THE PLAINTIFF

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Section 195.3 of the NYLL provides that "[e]very employer shall furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked[;] and the number of overtime hours worked."

82. Gonzalez was not furnished a wage statement as provided by Section 195.3 of the NYLL with each payment of wages.

83. Despite their knowledge of New York wage and hour law, Defendants knowingly, willfully and maliciously failed to furnish Gonzalez a wage statement as provided by Section 195.3 of the NYLL with each payment of wages.

## **DEMAND FOR TRIAL BY JURY**

84. Gonzalez demands a trial by jury on all matters so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Gonzalez, on behalf of herself and on behalf of the Collective, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt office workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

C. An injunction against Entity Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid wages, and liquidated damages equal to unpaid wages, due to Plaintiff under FLSA and NYLL;

E. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

F. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff under NYLL and the Wage Order;

G. An award of unpaid spread-of-time, and liquidated damages equal to unpaid spread-of-time, due to Plaintiff under the NYLL and the Wage Order;

H. An award of up to $5,000.00 as a penalty for failure to furnish Plaintiff with a wage notice at time of hire or thereafter;

I. An award of up to $5,000.00 as a penalty for failure to furnish Plaintiff with a wage statement with each payment of wages;

16

J.  An award of prejudgment interest at a rate of 9 percent *per annum* pursuant to Section 5004 of the New York Civil Practice Law and Rules;

K.  An award of reasonable attorneys' fees and costs;

L.  An Order that, to the extent that any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal, no appeal then being pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent, as required by Section 198, Paragraph 4 of the NYLL; and

M.  Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
November 8, 2020

TROY LAW, PLLC
*Attorneys for Plaintiff and proposed FLSA Collective*

 */s/ John Troy*
John Troy
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com