# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

November 20, 2020

**Via ECF**
Hon. J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2020
```

 Re: **Request for Protective Order Enjoining Defendants from Communicating with Plaintiff for Any Purpose Regarding this Action in the Absence of Plaintiff's Counsel**
 *Gonzalez v. Samuel & Stein*, No. 20-cv-09350 (JPO) (SDA), (S.D.N.Y.)

Your Honor,

 This office represents the Plaintiff, Elda Gonzalez, in the above-referenced matter. We write respectfully, out of abiding concern for the high level of professionalism and ethical conduct demanded of attorneys admitted to practice before the Bar of this Court, to report and seek remedies for a gross and egregious violation of the New York Rules of Professional Conduct by attorney Michael Samuel.

 Mr. Samuel, representing himself *pro se*, and also representing his firm, and his partners and associates in that firm, communicated with Ms Gonzalez in an attempt to settle this matter, knowing she was a represented party, without her attorneys present and without providing any advance notice to her attorneys. We respectfully request that this Court issue a protective Order enjoining Defendants from having any communication with Ms Gonzalez for any purpose regarding this action, and granting any such other and further relief as the Court may deem just and proper.[1]

 Background

 Ms Gonzalez commenced this action by filing her Complaint, through counsel, on November 8, 2020. *See* Dkt. No. 1. Ms Gonzalez sued Mr. Samuel, his colleague David Stein, their law firm, and its associate David Nieporent. *See id.* Ms Gonzalez is a current employee of Samuel & Stein. This matter arises under the Fair Labor Standards Act, and accordingly Ms Gonzalez attached to her Complaint a notice that attempts to settle without court approval were unlawful under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Dkt.

---

 [1] We have additionally, pursuant to Local Rules 1.5(c)(3) and (f) of this Court, submitted a complaint regarding Mr. Samuel's conduct to the Honorable Chief Judge Colleen McMahon, for forwarding to this Court's Committee on Grievances, so that it may direct Mr. Samuel, pursuant to Local Rule 1.5(c)(1) of this Court, to show cause in writing why the Committee on Grievances should not impose any of the forms of discipline enumerated in Local Rule 1.5(c)(1).

Hon. J. Paul Oetken, U.S.D.J.
November 20, 2020
*Gonzalez v. Samuel & Stein*, No. 20-cv-09350 (JPO) (SDA), (S.D.N.Y.)
Page 2 of 4

No. 1-6. Defendants in this matter are experienced litigators of actions under the Fair Labor Standards Act, and are well familiar with *Cheeks*. *See* Dkt. No. 1 ¶ 24.

On November 9, 2020, Mr. Samuel emailed Aaron Schweitzer, an associate at this office, saying that "[w]e were just notified that you have been retained by Elda Gonzalez in a case against our firm," and asking us to call him to discuss this matter. Mr. Schweitzer called Mr. Samuel at around 2:00 PM on November 9, 2020, but no one picked up and the voicemail box was full. Mr. Schweitzer emailed Mr. Samuel to say as much. Mr. Samuel called back at 2:06 PM on November 9, 2020, and represented to Mr. Schweitzer that he would be appearing on behalf of all Defendants, that he would file his notice of appearance shortly after the call, that he was willing to accept service on behalf of all Defendants, that we should serve him a waiver of service of process, and that he would email this office a summary of his view of this case, so that we could discuss with Ms Gonzalez whether she wanted to settle.

Mr. Samuel appeared on behalf of all Defendants on November 10, 2020. *See* Dkt. No. 7. At 10:49 AM on November 10, 2020, he emailed Mr. Schweitzer asking for a waiver of service of process and our computation of Ms Gonzalez's damages. We asked Mr. Samuel by email at 12:46 PM on November 10, 2020 to confirm whether he would accept service, and he confirmed by email at 12:50 that he would. Accordingly, at 3:43 PM on November 10, 2020, we emailed Mr. Samuel a proposed stipulation to waive service and extend Defendants' time to answer. He emailed us the stipulation with his execution back on November 10, 2020 at 4:00 PM, and again requested a computation of damages. We provided him a computation of damages on November 10, 2020 at 4:58 PM.

Contrary to his representations made on November 9, 2020, Mr. Samuel never got back in touch with us to discuss the possibility of settlement, or gave us his view about our computation of Ms Gonzalez's damages. Indeed, after November 10, 2020, he never contacted us again by any means, or for any reason. Instead, we are informed by Ms Gonzalez that Mr. Samuel approached her to negotiate settlement directly. Ms Gonzalez called us at 5:20 on November 18, 2020 and 5:25 PM on November 18, 2020, and at 5:00 PM on November 19, 2020. We missed her calls, but we texted her back at 5:01 PM on November 19, 2020 to ask why she had called. Ms Gonzalez texted us back at 5:05 PM saying that her issue was important and that she needed to talk to her attorney. We texted her back at 5:08 PM to ask what issue she needed addressed. She replied at 5:09 PM that she needed to talk to an attorney about her case, but did not specify why.

At 8:59 AM today, November 20, 2020, we texted Ms Gonzalez again to ask what she needed addressed. At 9:00 AM she texted us to say she wanted to see if a settlement was possible, and clarified at 9:01 AM that Defendants wanted to settle. Mr. Schweitzer called her back at about 9:40 AM, and Ms Gonzalez informed him that Mr. Samuel had made her a verbal settlement offer.

<u>Applicable Law and Rules</u>

Local Rule 1.5(b) of this Court provides in relevant part that

Hon. J. Paul Oetken, U.S.D.J.
November 20, 2020
*Gonzalez v. Samuel & Stein*, No. 20-cv-09350 (JPO) (SDA), (S.D.N.Y.)
Page 3 of 4

> Discipline or other relief, of the types set forth in paragraph (c) below, may be imposed, by the Committee on Grievances, after notice and opportunity to respond as set forth in paragraph (d) below, if any of the following grounds is found by clear and convincing evidence…
>
> (5) In connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York.

Local R. 1.5(b)(5) (S.D.N.Y.).

Rule 4.2 of the New York State Rules of Professional Conduct, governing attorney communications with persons represented by counsel, provides in relevant part that

> (a) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.
>
> (c) A lawyer who is acting *pro se* or is represented by counsel in a matter is subject to paragraph (a), but may communicate with a represented person, unless otherwise prohibited by law and unless the represented person is not legally competent, provided the lawyer or the lawyer's counsel gives reasonable advance notice to the represented person's counsel that such communications will be taking place.

N.Y. R. P. C. 4.2(a), (c).

Local Rule 1.5(c)(1) of this Court provides in relevant part that "[i]n the case of an attorney admitted to the bar of this Court, discipline imposed pursuant to paragraph… (b)(5) above may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys admitted to the bar of this Court." L. R. 1.5(c)(1).

Local Rule 1.5(c)(3) of this Court provides in relevant part that "[c]omplaints in writing alleging any ground for discipline or other relief set forth in paragraph (b) above shall be directed to the Chief Judge, who shall refer such complaints to the Committee on Grievances." Local R. 1.5(c)(3) (S.D.N.Y.).

Local Rule 1.5(f) provides that "[t]he remedies provided by this rule are in addition to the remedies available to individual District Judges and Magistrate Judges under applicable law with respect to lawyers appearing before them. Individual District Judges and Magistrate Judges may

Hon. J. Paul Oetken, U.S.D.J.
November 20, 2020
*Gonzalez v. Samuel & Stein*, No. 20-cv-09350 (JPO) (SDA), (S.D.N.Y.)
Page 4 of 4

also refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief pursuant to this rule."

The Second Circuit has long since settled that "[g]enerally, a district court has the inherent authority to discipline attorneys appearing before it." *Fed. Griev. Comm. V. Miller*, 803 Fed. Appx. 519, 520 (2d Cir. Mar. 2020) (citing *Grievance Comm'n v. Jacobs*, 44 F.3d 84, 87 (2d Cir. 1994); *Theard v. United States*, 354 U.S. 278, 281 (1957)).

Argument

Mr. Samuel knew from November 9, 2020 that we represented Ms Gonzalez. He had no trouble reaching out to Mr. Schweitzer by telephone and email to solicit a stipulation of waiver of service and extension of time to answer, and a computation of Ms Gonzalez's damages. However, instead of doing as he said he would do and use that time and information to confer with us about the possibility of settlement, he went behind our backs directly to Ms Gonzalez herself with his offer. In his capacity as attorney representing David Stein, David Nieporent, and Samuel & Stein, Mr. Samuel violated Rule 4.2(a) of the New York Rules of Professional Conduct. Further, Mr. Samuel never gave us any notice that he would approach Ms Gonzalez, by email, over the phone, or by any other method. In his capacity as a lawyer proceeding *pro se*, Mr. Samuel violated Rules 4.2(c) and (a) of the New York Rules of Professional Conduct.

This Court has the inherent authority to discipline Mr. Samuel as an attorney appearing before it. Courts throughout the Second Circuit, including this Court, have issued protective Orders enjoining further contact with represented parties unless in the presence of their counsel as a remedy for improper contact. *See*, *e.g.*, *Jackson v. Bloomberg, L.P.*, No. 13-cv-02001 (JPO), 2015 U.S. Dist. LEXIS 52581, at *14–15 (S.D.N.Y. Apr. 22, 2015) (limiting defendant employer's contact with class members who were current employees); *Squassoni v. City of New York*, No. 04-cv-04086 (SLT) 2006 U.S. Dist. LEXIS 115375, at *11 (E.D.N.Y. Oct. 24, 2006) (issuing a protective Order where opposing counsel initiated contact with party who had substituted attorneys, under belief that the party was no longer represented); *Bowens v. Atl. Maint. Corp.* 546 F. Supp. 2d 55, 62 (E.D.N.Y. 2008) (discussing issuance of a temporary protective Order enjoining contact with putative class members while briefing on Plaintiff's request for protective Order was ongoing).

We thank the Court for its attention to and consideration of this matter.

        Respectfully submitted,
        TROY LAW, PLLC

        /s/ John Troy
        John Troy
        *Attorney for Plaintiff*

cc: via ECF
    all counsel of record

ENDORSEMENT: Based upon the letter and sworn Declaration submitted by Mr. Samuel (ECF No. 14), Plaintiff's motion is DENIED AS MOOT. SO ORDERED. Dated: 11/26/2020

*/s/ Stewart D. Aaron*