**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
ELDA GONZALEZ,
*On behalf of herself and others similarly situated,*    Case No. 20-cv-09350
                          Plaintiffs
                     v.    **NOTICE OF MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR A HEARING**

SAMUEL & STEIN
    d/b/a The Law Office of Samuel & Stein,
MICHAEL SAMUEL,
DAVID STEIN, and
DAVID NIEPORENT,
                               Defendants
-----------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that upon the accompanying Declaration and Memorandum of Law in support of Motion to Withdraw as Counsel, hereby moves before the Honorable Judge J. Paul Oetken at the United States District Court for the Southern District of New York, located at Courtroom 11C, 500 Pearl St., New York, NY 10007 for the entry of an Order:

(1) Granting Troy Law, PLLC, John Troy and Aaron Schweitzer leave to withdraw as counsels for the Plaintiff Elda Gonzalez as a result of the total breakdown of communications and lack of cooperation by Plaintiff since December 9, 2020, rendering all efforts to prosecute the Case on the part of Plaintiffs' counsel an impossibility;

(2) Scheduling a hearing as to whether Ms. Gonzalez accepted money to settle this case; and

(3) For such other relief as may be just and proper.

Dated: December 30, 2020
       Flushing, NY

                                         TROY LAW, PLLC
                                         *Attorneys for the Plaintiff*
                                         By: /s/ John Troy
                                               John Troy

cc: *via* ECF
    all counsel of record

1

TROY LAW, PLLC
*Attorneys for the Plaintiff*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
ELDA GONZALEZ,
*On behalf of herself and others similarly situated,*

                         Plaintiffs        **Case No:** 20-cv-09350

           v.        **DECLARATION OF**
                 **JOHN TROY**

SAMUEL & STEIN
   d/b/a The Law Office of Samuel & Stein,
MICHAEL SAMUEL,
DAVID STEIN, and
DAVID NIEPORENT,
                        Defendants

-------------------------------------------------------------------x

    I, John Troy, Esq., an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby declares, pursuant to 28 U.S.C. §1746:

1. I am the principal of Troy Law, PLLC, attorney for the Plaintiff in this action.

2. I submit this declaration in support of Troy Law PLLC Motion to Withdraw as Counsel of Record for Plaintiff Elda Gonzalez.

3. The ground for my Motion to Withdraw is that Plaintiff has not been co-operative with this office, and has decided to terminate her counsels as detailed below.

4. On November 20, 2020, Plaintiff Gonzalez contacted my office and notified that, Defendant Mr. Samuel had made a verbal settlement offer to settle this matter.

5. On November 20, 2020, we moved for protective order against Defendants from communicating with Plaintiff for any purpose regarding this action in the absence of Plaintiff's Counsel.

6. On December 2, 2020, upon reviewing the Defense Counsel's refusal to having any settlement communications with Plaintiff, the motion for protective order was denied.

7. On December 2, 2020, we communicated with Plaintiff and when asked, contrary to her prior statement, she denied having received any verbal settlement offer.

8. Plaintiff further indicated that, she had said to the Defendants that she intended to settle, but had not asked for any particular amount of money, or received an offer for money.

9. Upon hearing this, we immediately advised her not to discuss settlement directly with Defendants, and that settlements should be bargained at arm's length by attorneys.

10. However, Plaintiff then indicated that she was thinking about dropping her case, and had to think about it more.

11. Thereupon, on December 9, 2020, Plaintiff came to our office, accompanied by another woman whom we did not know.

12. It has been our policy, especially since the pandemic to have our clients make appointment with this office prior to meeting the attorney and when we requested Ms. Gonzalez to do the same, she refused to do and slipped in a handwritten notice through the mailbox indicating she wished to drop her case.

13. Accordingly, it is apparent from this sequence of events that Troy Law, cannot continue to represent Plaintiff Ms. Gonzalez. Her contradictory statements to us have impaired our trust in her, and her desire to drop her case combined with her wish to settle indicates to us that she either wants to or already has settled and intends not to pay us our fees.

14. As such, we respectfully request that this Court allow us to withdraw as attorneys from this case and schedule a hearing to determine if any money was accepted to settle this case.

Dated: December 11, 2020
      Flushing, New York

                                                Respectfully Submitted,
                                                /s/ John Troy
                                                    John Troy
                                                *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELDA GONZALEZ,
*On behalf of herself and others similarly situated,*
                                      Plaintiffs
                                v.
                                                                 Case No. 19-cv-07702
SAMUEL & STEIN
   d/b/a The Law Office of Samuel & Stein,
MICHAEL SAMUEL,
DAVID STEIN, and
DAVID NIEPORENT,
                                   Defendants
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO WITHDRAW**

**AS COUNSEL OF RECORD FOR PLAINTIFF**

TROY LAW, PLLC
John Troy, *Esq.*
Aaron Schweitzer, *Esq.*
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** .................................................................................................................................. 2

    **A.   The Rules of Professional Conduct and Local Rule 1.4 Relieve an Attorney of Record By Order Of Court** ........................................................................................... 2

    **B.   Failure to Pay Legal Fees and Expenses from Settlement Proceeds** ............................ 2

    **C.   Conflict of Interests Warrants Withdrawal of Counsel.** ................................................ 3

    **D.   Plaintiff's Failure to Cooperate Further Warrants Withdrawal of Counsel.** ............. 5

    **E. Withdrawal of Counsel Will Not Prejudice Plaintiff GONZALEZ** ............................. 7

    **F. A *Cheeks Fairness* and Inquest Hearing is Warranted where there is a high possibility of fraud and collusion** ........................................................................................................ 7

**CONCLUSION** ............................................................................................................................. 8

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, *1 (W.D.N.Y. Sept. 18, 2008) ........... 5
*Ashmore v. CGI Grp., Inc.,* No. 11–CV–8611 (AT), 2013 WL 5863569,(S.D.N.Y., 2013).......... 6
*Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *1 (S.D.N.Y. May 11, 2011).................................................................................................. 4
*Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469 (DAB)(JCF), 2011 U.S. Dist. LEXIS 16674, at *1 (S.D.N.Y. Feb. 17, 2011) ................................................... 3
*Brown v. National Survival Games, Inc.,* 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y., 1994) 7
*Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) ........ 4
*Cower v. Albany Law Sch. Of Union Univ.,* No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *1 (S.D.N.Y. July 8, 2005) ............................................................................ 3
*Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ...................................................... 3
*Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) ............................................................................................................................... 4
*Fischer v. Biman Bangladesh Airlines,*No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y., 1997)................................................................................................................. 6
*Flores v. Food Express Rego Park, Inc.,* No-15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016) ............................................. 7
*Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *1 (S.D.N.Y. Oct. 21, 1997) ....................................................................................................... 4
*HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ................................................................................................ 3
*Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y., 2013) ................................................................................................................. 6
*Lopez v. 41-05 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ)(PK), 2016 U.S. Dist. LEXIS 138128, 2016 WL 6156199, at *1 (E.D.N.Y. Oct 3. 2016), R&R adopted, 2016 U.S. Dist. LEXIS 146247, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) ................................................. 8
*McGuire v. Wilson*, 735 F. Supp. 83 (S.D.N.Y. 1990) ................................................................ 2
*Munoz v. City of New York,* No. 04–CV–1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y., 2008) ............................................................................................................................................. 6
*Naguib v. Pub. Health Solutions,* No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, (E.D.N.Y., 2014) ............................................................................................................................... 6
*Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431 (2d Dep't) ................................ 4
Stair v. Calhoun, 722 F.Supp.2d 258, 265 (E.D.N.Y.2010) ......................................................... 7
*Thekkek v. LaserSculpt, Inc.,* No. 11–CV–4426 (HB) (JLC), 2012 WL 225924 (S.D.N.Y., 2012) 6
Thekkek, 2012 WL 225924 .......................................................................................................... 7
*Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) 4
*United States v. Lawrence Aviation Indus.*, No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415 (E.D.N.Y., 2011).................................................................................................................. 6
*United States v. Parker*, 439 F. 3d 81 (2d Cir. 2006) .................................................................. 2

*WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1 (S.D.N.Y. Sept. 29, 1992) .................................................................................................................................. 3
*Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999) ............................................................................ 5
*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) ............................................... 7

Rules

N.Y. Prof. Conduct Rule 1.16 ........................................................................................................ 2
N.Y. Prof. Conduct Rule 1.16(c)(4) ............................................................................................... 3
N.Y. Prof. Conduct Rule 1.16(c)(7) ............................................................................................... 4
S.D.N.Y. Local Rule 1.4 ............................................................................................................ 1, 2

Pursuant to Rule 1.4 of the Local Rules of the U.S. District Court for the Southern District of New York, Troy Law PLLC, the Plaintiff's attorneys (herein as the "Movant") respectfully submits this memorandum of law in support of the motion for leave to withdraw as counsel for Plaintiff ELDA GONZALEZ.

**PRELIMINARY STATEMENT**

As set forth more fully in the declaration of John Troy, Esq, Troy Law, PLLC seeks leave to withdraw as counsel of record for Plaintiff ELDA GONZALEZ and to request a *Cheeks* Hearing to determine the fairness of the under-the-table settlement that was reached between Plaintiff and Defendants without Plaintiff's counsel's presence or knowledge.

Representation depends on reciprocal trust between lawyer and client. Plaintiff GONZALEZ, by first stating on November 20, 2020 that she had received a verbal offer of settlement, and then recanting on December 2, 2020, has undermined that trust. Suspicious circumstantial evidence also points to an under-the-table, collusive settlement between Plaintiff GONZALEZ and Defendants, designed to deprive us of our contingency fee. On December 2, 2020, Plaintiff GONZALEZ changed her tune to sing in unison with the previously-filed statement of the Defendant, her employer, for whom she still works, stating that he never made her a verbal settlement offer. Also on December 2, 2020, Plaintiff GONZALEZ indicated that she was thinking about dropping her case. She confirmed that wish in writing on December 9, 2020, when she visited our office. When she visited our office, she was accompanied by an unidentified woman, who may or may not be from Defendants' office. To the extent Plaintiff GONZALEZ has settled this matter with Defendants, it was against our advice given on December 2, 2020. At that time, she told us that she had told them she wanted to settle, and in

1

response we advised her that settlements should be negotiated at arm's length, between attorneys.

Because (1) Plaintiff breached an agreed upon Retainer Agreement concerning the recovery of proceeds in the event of settlement or judgment; (2) a conflict of interest exists because Troy Law has become a creditor to the prospective recovery from the settlement; and (3) Plaintiff and Troy Law have divergent and irreconcilable views regarding the litigation strategy to employ in this matter, we are unable to properly represent the Plaintiff GONZALEZ moving forward and should be relieved as counsel.

## ARGUMENT

A. **The Rules of Professional Conduct and Local Rule 1.4 Relieve an Attorney of Record By Order Of Court**

Pursuant to **Local Rule 1.4** of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal. . ." The New York State Rules of Professional Conduct, **Rule 1.16** permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

B. **Failure to Pay Legal Fees and Expenses from Settlement Proceeds**
The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F. 3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)).

2

Similarly, this Court has consistently found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469 (DAB)(JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard of what may be considered a satisfactory reason" for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. Of Union Univ.,* No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

Accordingly, courts regularly grant counsel's motion for leave to withdraw where a client is unwilling to pay for legal services rendered and services to be rendered in the future. While an inquest will ascertain the settlement sum paid to Plaintiff GONZALEZ, in light of Plaintiff's continual failure to honor her contractual obligations to pay Troy Law for its fair share of legal fees and expenses, Troy Law's Motion for Leave should be granted.

C. **Conflict of Interests Warrants Withdrawal of Counsel.**
Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the

3

lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4-5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire,* 735 F. Supp. at 85 (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel

4

ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

As a result of Plaintiff's evident desire to avoid paying Troy Law its share of legal fees, and machinations at claiming that there was no under-the-table settlement when in fact one has been reached, an irreconcilable conflict and tension have developed between Plaintiff and her counsels. Recent communications with the Plaintiff have made it clear that there has been a significant erosion of the attorney-client relationship. Moreover, Troy Law can no longer adequately represent the interests of Plaintiff. Plaintiff and her counsel have extremely diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit. As a result of Plaintiff's failure to pay legal expenses incurred on her behalf, Troy Law's ability to zealously advocate for Plaintiff has been seriously compromised. As such, Plaintiff's actions have seriously impaired Troy Law's ability to represent her.

D. **Plaintiff's Failure to Cooperate Further Warrants Withdrawal of Counsel.**
Lastly, even without Plaintiff's failure to pay and the conflict of interest that has arisen, Plaintiff has refused to cooperate with Troy Law's diligent prosecution of this present case. Plaintiff has no rational basis for desiring to "drop this case."

In determining the motion, the Court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Thekkek v. LaserSculpt, Inc.,* No. 11–

5

CV–4426 (HB) (JLC), 2012 WL 225924 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.,* No. 10–CV–3773 (AKH)(JCF), 2011 WL 1900092 (S.D.N.Y. May 11, 2011)); *See also Ashmore v. CGI Grp., Inc.,* No. 11–CV–8611 (AT), 2013 WL 5863569,(S.D.N.Y. Oct. 30, 2013) *reconsideration granted, judgment vacated in part,* 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (citation omitted). "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions,* No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice); *See also Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York,* No. 04–CV–1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Fischer v. Biman Bangladesh Airlines,*No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Case 1:20-cv-09355-JPO-SDA  Document 32  Filed 12/31/20  Page 14 of 16

6

**E. Withdrawal of Counsel Will Not Prejudice Plaintiff GONZALEZ**

A court determining whether to grant a motion to withdraw as counsel may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel. *Stair v. Calhoun,* 722 F.Supp.2d 258, 265 (E.D.N.Y.2010) (quoting *Whiting v. Lacara,* 187 F.3d 317, 320–21 (2d Cir.1999)); *Thekkek,* 2012 WL 225924 (noting that courts generally deny motions to withdraw on eve of trial). "Finding that because "[discovery] is not complete and the case is not presently scheduled for trial. … granting the instant motion will not likely cause undue delay". *See Brown v. National Survival Games, Inc.,* 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 18, 1994). Similarly, the discovery in the instant matter has not begun and no trial date.

As described more fully in the Movants declaration, it was Plaintiff's decision to refuse to "drop the case" after presumably accepting an under-the-table settlement, and to refuse to engage in truthful communication between the Plaintiff and the Movant. Therefore, the Movant requests the Court to grant such relief.

**F. A *Cheeks Fairness* and Inquest Hearing is Warranted where there is a high possibility of fraud and collusion**

Finally, the Court should hold a hearing to ascertain whether Plaintiff GONZALEZ has accepted money to discontinue her case. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Santana v. Los Limones Grocery Corp.*, No. No. 17-cv-5264 (CLP), 2018 U.S. Dist. LEXIS 190188, at *4–5 ). A hearing would also permit the Court to inform Ms Gonzalez of the risks and obligations of proceeding *pro se*.

Before approving FLSA settlement, the Court must be satisfied that they are "fair and reasonable." *Flores v. Food Express Rego Park, Inc.,* No-15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In making this determination, the court considers the "bona fides of the [parties] dispute, including (1) the plaintiff's range of possible recovery; (2) the

7

seriousness of the litigation risks faced by the parties; (3) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses that would be incurred if they proceeded with litigation; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) whether there is fraud or collusion." *Lopez v. 41-05 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ)(PK), 2016 U.S. Dist. LEXIS 138128, 2016 WL 6156199, at *1 (E.D.N.Y. Oct 3. 2016), R&R adopted, 2016 U.S. Dist. LEXIS 146247, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016).

Here, the settlement reached by the parties are not a product of arm's length bargaining between experienced counsels. Furthermore, as illustrated above, there is a high possibility of fraud and collusion.

## CONCLUSION

The law firm of Troy Law, PLLC, counsel for Plaintiff Juan Li, in the above-captioned action, has respectfully requested the court to enter an order to:

a) Granting the Movant, Troy Law PLLC, leave to withdraw as counsel for the Plaintiff named in this action, pursuant to Local Rule 1.4; and

b) Granting a *Cheeks* fairness hearing.

b) For such further relief as this court may deem just and proper.

Dated: December 30, 2020
       Flushing, NY

Respectfully submitted,
/s/ John Troy
John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324

*Attorneys for Plaintiffs*

8