**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elda Gonzalez, on behalf of herself and others similarly situated, | |
| Plaintiff, | DOCKET NO. 20-cv-9350 (JPO) (SDA) |
| - vs. – | |
| SAMUEL & STEIN d/b/a The Law Office of Samuel & Stein, Michael Samuel, David Stein, and David Nieporent, | |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION FOR A "HEARING"**

SAMUEL & STEIN
David Stein (DS-2119)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendants

**PRELIMINARY STATEMENT**

Shortly after this employment case was filed, the plaintiff apparently had a change of heart and decided that she did not want to pursue the matter, and so informed her counsel, John Troy, Esq. Mr. Troy, who had taken the case on a contingency basis, was seemingly upset that he would not receive a windfall in attorneys' fees, and refused to comply with his client's wishes to dismiss the case.

Instead, Mr. Troy and his firm made a motion to withdraw, claiming that theycould not effectively represent their client. This claim was untrue; since their ethical obligation is to pursue their <u>client's</u> objectives, they could accomplish that simply by dismissing the case as she requested. Their real concern was that they just could not make any money by representing their client as she instructed: if they dismissed the case as she had told them to do, they would receive nothing. So instead of doing so, Mr. Troy filed his motion in order to prolong this matter, in the baseless hope that as the case dragged on, at some point he would identify some money to which he could lay claim. But oddly and contradictorily, at the same time he moved to withdraw, he asked for a "hearing" on the case regarding a settlement that he baselessly believed had already been negotiated between the parties.

**STATEMENT OF FACTS**

Plaintiff filed her complaint in this matter on November 8, 2020. Based on the declaration filed by plaintiff, as well as various submissions by plaintiff's counsel, plaintiff instructed her attorneys to dismiss her case on or about December 9, 2020. Neither between those two dates, nor between December 9 and the present, did plaintiff and defendants ever conduct settlement discussions amongst themselves.

No settlement demand was made by plaintiff, no settlement offer was made by defendants, and no consideration or promise of consideration changed hands. Nevertheless, because plaintiff's counsel believe otherwise, they refused to obey her order to dismiss the case. Since then, plaintiff has apparently repeated that instruction. Her attorneys have continued their refusal to comply, instead arguing in several different submissions to the Court that their client is lying to them.

On December 17, 2020, plaintiff's counsel sought a pre-motion conference to make a motion to dismiss and for a hearing; on December 18, the Court set a briefing schedule, and on December 30, plaintiff's counsel made their motion, supplementing it the following week as instructed by the Court.

**ARGUMENT**

I. **DEFENDANTS DO NOT OPPOSE PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW.**

Defendants do not believe that plaintiff's counsel has a justification or a good faith basis for withdrawing. The bases cited by counsel in their motion — that plaintiff has failed to pay them legal fees, that the parties have a conflict of interest, and that there has been a breakdown in communications — are either not true or not an obstacle to their handling of the case.

First, as defendants have stated in several sworn submissions, and as plaintiff herself now states today in a sworn declaration, there has been no settlement of this case. Mr. Troy has no evidence whatsoever to the contrary. His entire argument is

based on mere suspicions derived from apparent hearsay.¹ Even if the hearsay were credited, it does not say that a settlement was reached, but only that settlement had been discussed. Mr. Troy simply guesses that there must have been a subsequent settlement. But Mr. Troy cannot base his arguments on nothing other than assumption and speculation, in the face of actual contradictory testimony from all relevant parties. And since there has not been a settlement, plaintiff would not owe her counsel any money under their contingency fee arrangement.

Second, the supposed "irreconcilable conflict" is illusory. It is true that the relationship between Mr. Troy and plaintiff is "strained," but that conflict is quite reconcilable: Mr. Troy simply has to do follow his client's instructions and dismiss the case. There is no conflict "regarding litigation strategy," so counsel's case citations regarding that situation are inapposite. Rather, there is a conflict regarding the litigation *goals*: Mr. Troy wants to make a significant amount of money on this case and his client does not. But the ethics rules are clear: the *client* decides what the representation's goals are. Rule 1.2(a). So when plaintiff's counsel say — as they do in their memorandum of law — "Plaintiff has no rational basis for desiring to 'drop this case,'" they arrogate to themselves a judgment that is not theirs to make. The plaintiff does not need to justify her decision to Mr. Troy.

Nevertheless, in light of the fact that plaintiff herself does not object to that request, and in light of the fact that there will be no prejudice to plaintiff or defendants from that withdrawal, defendants do not oppose that aspect of plaintiff's counsel's

---

¹ Mr. Troy submits a declaration averring that plaintiff once said that a settlement discussion took place, but the declaration says only that plaintiff contacted *his office* and said this; it does not say that Mr. Troy himself actually heard it personally.

motion. Allowing said withdrawal will permit plaintiff to litigate the case as she sees fit, without counsel attempting to overrule her decisions.

**II.      PLAINTIFF'S COUNSEL'S REQUEST FOR A "HEARING" IS MERITLESS.**

After stating that they wish to withdraw as attorneys for Ms. Gonzalez, plaintiff's counsel then request a "hearing" so that the Court can (a) "ascertain whether Plaintiff GONZALEZ has accepted money to discontinue her case," and (b) "inform Ms. Gonzalez of the risks and obligations of proceeding pro se." There are several problems with this argument.

First, if counsel is withdrawing because they have irreconcilable conflict of interest with plaintiff, what possible standing could they have to request a hearing on her behalf? If they cannot and do not represent her, they cannot take any action other than withdrawing from the case. But the answer is that they aren't actually requesting the hearing for Ms. Gonzalez's benefit; they are requesting the hearing — as they stated in their December 17, 2020 pre-motion letter to the Court and reiterate in their motion — because they think she is lying to them and they want to collect attorneys' fees from her.

But upon what theory do they believe that they are entitled to a hearing for that purpose, or for any other? The Court ordered counsel to provide a citation to case authority supporting any request for relief beyond withdrawal, but the only authority they cite is *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and cases applying it. But *Cheeks* does not provide free-floating authority to request that the court conduct hearings, let alone hearings for the sole purpose of helping attorneys collect money from their clients. The purpose of *Cheeks* is to protect

4

*plaintiffs* in cases arising under the FLSA — a "uniquely protective statute" according to the Second Circuit — by allowing courts to assess whether settlements reached in such cases are fair *to the plaintiffs*. It does so by instructing courts that they should not dismiss cases *with prejudice* without scrutinizing settlements to determine whether plaintiffs' own attorneys are taking too high a percentage of the settlements and whether the settlements represent a fair resolution of *bona fide* disputes over improperly paid wages.

Thus, the irony of the situation is that if Mr. Troy had simply moved to dismiss this case in the first instance, as Ms. Gonzalez had instructed him to do, that could have triggered the process under which the Court could have conducted *Cheeks* scrutiny of the situation. But having refused to do so, and instead having chosen to withdraw, Mr. Troy no longer has any basis for invoking *Cheeks* at all. There has been no notice of dismissal or motion for dismissal filed in this case, and therefore any *Cheeks* scrutiny would be premature.

Additionally, as defendants noted in their pre-motion letter, *Cheeks*' applicability is questionable outside the context of dismissal with prejudice. *Cheeks* expressly left open the question of whether a hearing was required before a case could be dismissed *without* prejudice, *Id.* at 201 n.2, and the Second Circuit in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 412 (2nd Cir. 2019) even explained that it was "confining *Cheeks* to Rule 41(a)(1)(A)(ii) stipulated dismissals **with prejudice**." (Emphasis added.) Moreover, most district courts to have considered the issue since *Cheeks* was handed down have concluded that no hearing is required in the context of a dismissal without prejudice, unless there was an underlying settlement that could

waive a plaintiff's rights. *See, e.g., Pacheco v. Shree Laxmi Rest. Inc.*, 2018 WL 6618439, at *3 n.3 (S.D.N.Y. Dec. 17, 2018)(parties can dismiss claims without prejudice without a *Cheeks* hearing); *Ortiz v. Breadroll, LLC*, 2017 WL 2079787, at *3 (S.D.N.Y. May 15, 2017)(same); *Cullar v. New York Health & Hosps. Corp.*, 2017 WL 11570475, at *2 (S.D.N.Y. Oct. 17, 2017)(same); *Fernandez v. New York Health Care, Inc.*, 2020 WL 1322539, at *2 (S.D.N.Y. Mar. 19, 2020)(same). Indeed, some courts have even gone further and permitted dismissal without prejudice even when a settlement was in place. *See, e.g., Rivera v. Carve Food Emporium, Inc.*, 2016 WL 11707089, at *1 (S.D.N.Y. Sept. 14, 2016).

Ultimately, though, the issue is moot. There is nothing for the Court to assess, because there has been no settlement in this case. Defendants have filed two sworn declarations in this case to that effect, [Docket Entries 14-1 and 17-1] and now plaintiff has done the same. This is the exact situation confronted by Judge Amon in *Sarker v. Hollis-PJ Inc.*, 2019 WL 1433079, at *2 (E.D.N.Y. Mar. 29, 2019): the magistrate judge had issued a report & recommendation that a motion to dismiss be rejected and that *Cheeks* submissions be required. But upon receipt of sworn statements from the plaintiff and defendant confirming that no settlement had been reached and that plaintiff was simply dismissing the case, Judge Amon rejected the report & recommendation, and dismissed the case without prejudice.

Without a settlement, no *Cheeks* scrutiny — whether in the form of a hearing or written submissions — is necessary or even possible. Thus, the Court should simply permit plaintiff's counsel to withdraw, and then allow Ms. Gonzalez to proceed as she wishes.

## CONCLUSION

For all the reasons set forth above, defendants respectfully suggest that this Court should allow plaintiff's counsel to withdraw, reject plaintiff's counsel's request for a "hearing" for lack of standing and lack of merit, and then allow plaintiff to dismiss the case if she so chooses.

Respectfully submitted,

By: *[signature: David Stein]*

SAMUEL & STEIN
David Stein (DS 2119)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendants

Dated: January 8, 2021