**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
ELDA GONZALEZ,
*on behalf of herself and others similarly situated,*

                               Plaintiff,         Case No. 20-cv-09350 (JPO) (SDA)

                v.                          **REPLY MEMORANDUM OF**
                                                            **LAW IN SUPPORT OF TROY**
SAMUEL & STEIN                                  **LAW, PLLC'S MOTION TO**
      d/b/a The Law Office of Samuel & Stein,       **WITHDRAW AND FOR**
MICHAEL SAMUEL,                                 **EVIDENTIARY HEARING**
DAVID STEIN, and
DAVID NIEPORENT,
                              Defendants.
---------------------------------------------------------------- x

       Troy Law, PLLC, and its attorneys who have appeared as attorneys of record in this case, John Troy and Aaron B. Schweitzer, submit the following memorandum of law in reply to Defendants' memorandum of law in opposition to their motion for evidentiary hearing, without objection to their motion to withdraw.

## ARGUMENT

### I.    TROY LAW'S AND ITS ATTORNEYS' MOTION TO WITHDRAW SHOULD BE GRANTED AS UNOPPOSED

       "An attorney who has appeared as attorney of record for a party may be relieved or displaced only be order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." L. Civ. R. 1.4. District courts must analyze two factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-06469, 2011 U.S. Dist. LEXIS 15572 (S.D.N.Y. Feb. 17, 2011). "Satisfactory reasons include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama*

*Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01-cv-02950, 2005 U.S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 15, 2005) (internal quotation marks omitted) (collecting cases). The earlier a case is in its management calendar, the less impact a withdrawal will have on its calendar. *C.f. Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10-cv-02333 (MEA), 2014 U.S. Dist. LEXIS 37574, at *12 (S.D.N.Y. Mar. 19, 2014) (denying leave to withdraw on eve of trial); *Ashmore v. CGI Group, Inc.*, No. 11-cv-08611 (AT), 2013 U.S. Dist. LEXIS 156953, at *4–5 (S.D.N.Y. Oct. 30, 2013) (granting leave to withdraw while discovery is pending).

Here, there is clear and evident irreconcilable conflict between attorney and client. In November 2020, Plaintiff informed Troy Law's attorneys that Defendants had approached her with a settlement offer. *See* Troy Decl. ¶ 4; *see also* Dkt. No. 12, at *2. We took several steps in light of that representation, including seeking a protective order from this Court and an investigation by the District's Committee on Grievances, placing our own reputations on the line. *See* Troy Decl. ¶ 5; *see also* Dkt. No. 12, at *1, n.1. After Defendants declared on the record that they had not approached Plaintiff with a settlement offer, Plaintiff recanted her statement that she did. *See* Troy Decl. ¶ 7. Plaintiff also misrepresents how attentive we have been to her case.[1] Although we missed her telephone calls on November 18, 2020, we texted her back on November 19, 2020, and called her back on November 20, 2020. *See* Dkt. No. 12, at *2. Similarly, we reached out to her on December 2, 2020. *See* Troy Decl. ¶¶ 7–10. Plaintiff, having visited our office previously to execute her retainer agreement and knowing our policy that clients should make appointments to visit our office, did not do so before visiting our office on December 9, 2020, brought another woman whom we did not know, and did not identify this woman or certify that she was not a Covid risk. Troy Decl. ¶¶ 11, 12.

---

[1] Plaintiff has proceeded by unsworn declaration rather than by sworn affidavit.

This case is in the earliest of early stages—Defendants have not even answered the complaint yet.

Neither Plaintiff nor Defendants objects to Troy Law's or its attorneys' motion to withdraw. *See* Dkt. Nos. 25-1 ¶ 1, Dkt. No. 28, at *4–5.

All of these factors tell in favor of granting the motion to withdraw. *See Ashmore*, 2013 U.S. Dist. LEXIS 156953, at *5.

**II.   THE COURT SHOULD HOLD AN EVIDENTIARY HEARING AS TO WHETHER PLAINTIFF ACCEPTED MONEY IN A SETTLEMENT WITH DEFENDANTS**

**a.   TROY LAW AND ITS ATTORNEYS MAY SEEK AN EVIDENTIARY HEARING, AS THEY HAVE NOT YET BEEN RELIEVED AS COUNSEL**

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only be order of the Court and may not withdraw from a case without leave of the Court granted by order." L. Civ. R. 1.4. An attorney is not relieved of his obligations to the client or to the Court, or removed as attorney of record on a matter from which he seeks to withdraw, unless and until leave to withdraw is granted by court order.

**b.   THE COURT MUST SATISFY ITSELF THAT THERE HAS BEEN NO COLLUSION BETWEEN THE PLAINTIFF AND DEFENDANTS, OR COERCION OF PLAINTIFF BY DEFENDANTS**

Here, Plaintiff continues to work for Defendants and remains in their power. She has recanted prior statements to her attorneys to conform to statements made by the Defendants. *See* Troy Decl. ¶ 7. There is a strong possibility that the person who accompanied Plaintiff to our office was from Defendants' office. Plaintiff stated that she intended to seek a settlement of her claims on her own hook, rather than through arms-length bargaining between her attorneys and Defendants', contrary to our advice. *See* Troy Decl. ¶ 8, 9. Each of these circumstances should raise red flags to the Court regarding coercion or collusion between Plaintiff and the Defendants.

*See Lujan v. Cabana Mgmt, Inc.*, No. 10-cv-00755 (ILG), 2011 U.S. Dist. LEXIS 82204, at *7 (E.D.N.Y. July 27, 2011) (noting the "risk of explicit or implicit coercion in the employment context in FLSA litigation); *Gortat v. Capala Bros., Inc.*, No. 07-cv-03629 (ILG) (SMG), 2009 U.S. Dist. LEXIS 101837, at *36 (E.D.N.Y. Oct. 16, 2009) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and… are dependent on defendants for employment"), *report and recommendation adopted* 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. Apr. 9, 2010).

Courts in circumstances similar to these, where plaintiffs seek to drop their cases without submitting settlement agreements to review, over and above the objections of their attorneys, have convened evidentiary hearings to satisfy themselves that there has been no coercion or collusion between the parties. *See*, *e.g.*, *Singh v. JGAJ Petroleum, Inc.*, No. 18-cv-12327 (PMH) (LMS), Dkt. No. 27 (S.D.N.Y. June 26, 2020) (requesting evidentiary hearing), Dkt. No. 33 (granting request); *Zhang v. Wan Hao Restaurant Inc.*, No. 19-cv-07266 (AMD) (SJB), Dkt. No. 32 (E.D.N.Y. June 15, 2020) (requesting evidentiary hearing), Elec. Order (E.D.N.Y. June 16, 2020) (granting request).

## CONCLUSION

For all the reasons stated above, Troy Law's requests to withdraw and for an evidentiary hearing should be granted.

Dated: Flushing, NY
       January 14, 2021

                                    TROY LAW, PLLC

                                    */s/ John Troy*
                                    John Troy
                                    41-25 Kissena Boulevard
                                    Suite 103
                                    Flushing, NY 11355

(718) 762-1324
troylaw@troypllc.com